```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
    UNITED STATES OF AMERICA,

                  -v-                                  1:18-cr-827-GHW

    JIAN MIN HUANG,
                         Defendant.                 ORDER

-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

        On April 22, 2020, Jian Min Huang filed a motion for a reduction in her sentence or for compassionate release (the "Motion"). Dkt. No. 144. The Court sentenced Ms. Huang to a below-guidelines sentence of a year and a day on January 30, 2020. Dkt. No. 131. According to her Motion, Ms. Huang had served approximately one month of that sentence at the time of the submission of her Motion.

        Ms. Huang argues that the COVID-19 pandemic is an "extraordinary and compelling" circumstance that should lead the Court to reduce her sentence or to release her. Ms. Huang's motion states that she is "especially vulnerable to the deadly risks of COVID-19 because of her medical conditions." Motion at 2. But the Motion provides no detail regarding the nature of those medical conditions. Exhibit A to the Motion—which appears to be a placeholder to reference a defendant's particular medical conditions in what may be a form motion—does not suggest that Ms. Huang has any particular underlying medical concerns. And the Court notes that any contention that Ms. Huang suffers from serious medical conditions is not consistent with the facts presented in the pre-sentence report. Dkt. No. 90. During the sentencing proceeding, the Court noted that "Ms. Huang is blessed by good physical health and has no history of mental or emotional problems." Sentencing Transcript, Dkt. No. 131, 28:17-18.

Ms. Huang equates her year and a day sentence to a "death sentence," pointing to statistics that show that "of those individuals hospitalized with the COVID-19 virus, 21.2% were in the age group of 45-54, and 0.5% have died." Motion at 13. Ms. Huang is younger than the age bracket described in the Motion, which provides no information regarding the health risks of COVID-19 to people in her age bracket. Ms. Huang has not been hospitalized. Ms. Huang's statement in Exhibit A to the Motion does not suggest an immediate medical need. There, Ms. Huang says that "2 weeks ago I was sick, The doctor told me I catch virus. Drink a lot of water. I feel better now. But coughing . . . so bad. I asked the doctor when she come to take temperature . . . She . . . told me it's allergy." Motion at Exhibit A.

In any event, the Court must deny the motion because Ms. Huang has not yet satisfied the statutory preconditions to the relief that she seeks. 18 U.S.C. § 3582(c)(1)(A) reads in pertinent part as follows: "The court *may not* modify a term of imprisonment once it has been imposed *except that* . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ." *Id.* (emphasis added). The language of this provision ("[t]he court may not") expressly prohibits the Court from granting relief unless the statutory preconditions are satisfied. Congress' intent is best discerned from the text of the statute that it passed, and this statute prohibits the Court from taking action except upon satisfaction of the conditions laid out in it.

Ms. Huang's brief acknowledges the effect of such language in the context of the Prison Litigation Reform Act. Motion at 22 ("The PLRA contains clear and unmistakable language that '[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies

2

as are available are exhausted.'" (quoting 42 U.S.C. § 1997(e)).  The language in 18 U.S.C. § 3582(c)(1)(A) is equally clear and unmistakable—the Court "may not" change a defendant's sentence unless the statutory preconditions are satisfied.

Here, the Motion acknowledges that Ms. Huang has not satisfied the statutory exhaustion requirements.  Motion at 2.  From the facts presented to the Court, the details of her request for compassionate release are unclear—indeed, it is unclear if she has made one at all.  *Compare* Motion at 4 ("On April 17, 2020, Ms. Huang filed a Request for Compassionate Release, addressed to the Warden of the MCC seeking release to home confinement given the COVID-19 pandemic, and her health condition"), *with* Motion at Exhibit A ("I gave the paper for request . . . [to the unit manager] . . . .  He told me he will fill out the compassionate release."), *and with* Motion at 2 ("As set forth in Exhibit A, she has attempted to file a request for Compassionate Release, however, she was told it would take 45 days for the Warden to respond to the request."),

As a result, the Motion is denied without prejudice to renewal following satisfaction of the statutory preconditions.  While the Court denies the Motion, the Court encourages the Bureau of Prisons to act promptly in response to any application for compassionate release filed by Ms. Huang.  The Court requests that the United States alert the Court and the defendant if they determine that they will be unable to act upon any such request within the 30 day statutory period.  In such an event, the Court encourages the United States to consider waiving the statutory exhaustion requirement.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 44.

SO ORDERED.

Dated:  April 23, 2020

                                                        GREGORY H. WOODS
                                                    United States District Judge